UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BABETTE D. SHELVIN | CIVIL ACTION |
| VERSUS | NO. 17-7682 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Babette D. Shelvin, filed this complaint pro se in this court on August 9, 2017, seeking judicial review pursuant to Section 405(g) of the Social Security Act. Record Doc. No. 1. An answer to the complaint was filed on November 29, 2017. Record Doc. No. 10. Thereafter, I issued a scheduling order requiring that plaintiff file a memorandum of facts and law no later than December 29, 2017. Record Doc. No. 12.

Shelvin failed to file a memorandum as ordered by the court. Accordingly, by order dated January 5, 2018, she was ordered to file written reasons to show cause why the case should not be dismissed for failure to comply with the court's previous order entered on December 1, 2017, or to file a statement providing the requested information, i.e., her memorandum, in the court's record on or before February 5, 2018. Record Doc. No. 13. The order advised plaintiff that failure to comply with the order would result in issuance of a report and recommendation that the case should be dismissed for failure to prosecute. The order was mailed to plaintiff by the Clerk of Court. The record does not show that the order was not received or was returned as undeliverable by United States mail. Plaintiff

has made no effort to contact the court, and her memorandum of facts and law still has not been filed in the record of this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Cherry v. Kroger Tex., L.P., 693 F. App'x 345, 345 (5th Cir. 2017); Robinson v. Home Depot USA Inc., 478 F. App'x 820, 823-24 (5th Cir. 2012); Holden v. Simpson Paper Co., 48 F. App'x 917, 2002 WL 31115137, at *1 (5th Cir. Sept. 18, 2002); Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  Plaintiff's failure to file the required memorandum of facts and law by December 29, 2017, followed by her failure to comply with the court's January 5, 2018 order to show cause why the case should not be dismissed for failure to prosecute, clearly reflect a continuing failure on her part to prosecute.

## RECOMMENDATION

For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

2

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

       New Orleans, Louisiana, this ___23rd___ day of February, 2018.

                            JOSEPH C. WILKINSON, JR.
                         UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.